BH

BERKMAN HENOCH

PETERSON & PEDDY, PC

Attorneys at Law

Joseph E. Macy
Robert A. Carruba
Gregory P. Peterson
Gary H. Friedenberg (1940-2022)

Bruce J. Bergman
Vinson J. Friedman
Pesia M. Kinraich
Donna A. Napolitano
Kenneth M. Seidell
Peter Sullivan

100 Garden City Plaza, Third Floor
Garden City, New York 11530

Telephone: (516) 222-6200
Facsimile: (516) 222-6209
Website: www.bhpp.com

Daniel J. Evers
Nicholas Tuffarelli
Christopher F. Ulto
Adam S. Kalb
Martin E. Valk

COUNSEL
Steven J. Peddy
Miriam R. Milgrom
Rudolf J. Karvay
Amb. Joseph N. Mondello (1938-2022)
MaryBeth Malloy
Karen A. Foley

January 19, 2024

***VIA ECF***
Hon. Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: The Verizon Employee Benefits Committee v.
Parthena Nikolaros, et al.
No. 1:23-cv-01982 (RPK)(PK)

Dear Judge Kovner:

This office represents defendant, Georgia Nikolaros. We submit this letter to respectfully renew our request for a Pre-Summary Judgment Motion conference. The nature of this matter is an interpleader action commenced by the Verizon Employee Benefits Committee (Plaintiff) regarding the disbursement of pre-retirement death benefits relating to their employee, Nick Nikolaros.

It is our position that there are no issues of material fact and that Georgia Nikolaros, as sole eligible beneficiary with respect to the death benefits, is entitled to those proceeds as a matter of law. A Rule 56.1 Statement of Facts is submitted herewith.

On or about January 29, 2001, decedent designated his then wife, Parthena Nikolaros as Primary Beneficiary with respect to any death benefits payable pursuant to the Verizon Pension Plan for New York and New England Associates, of which he was a participating member. On the same date, he designated his sister, Georgia Nikolaros, as Contingent Beneficiary. On February 14, 2017, decedent and Parthena divorced. In accordance with the terms of the Pension Plan, as of the date of divorce, Parthena became ineligible to remain as decedent's Primary Beneficiary. On June 5, 2020, while still employed by Verizon, Mr. Nikolaros passed away.



*Admitted in New York and Florida

Between the date of divorce and the date of his death, Mr. Nikolaros did not designate a new primary beneficiary. Accordingly, as contingent beneficiary, Georgia Nikolaros is the only eligible beneficiary to receive the death benefits at issue.

Co-defendants Parthena and the Estate claim that pursuant to the terms of the Pension Plan, Judgment of Divorce, Pension Beneficiary Designation, Stipulation of Settlement and the 2016 Amendment to the Pension Plan, the benefits under the Pension Plan should be paid to either Parthena or the Estate, but not Georgia. They offer no support for this Counterclaim.

In filing the instant Interpleader Complaint, Plaintiff raised two essential issues as to the payment of the pre-retirement death benefits at issue:

1. Did the designation by decedent of non-spouse, Georgia, as contingent beneficiary, prior to his 35th birthday, result in such designation being deemed a nullity pursuant to Section 7.1(c)(2) of the Pension Plan? We submit that the answer is no.

Defendant Georgia will show that no such nullity occurred, and she remains the sole eligible beneficiary to the death benefits. Based upon the unambiguous provisions of the Pension Plan, Section 7.1(c)(2) does not apply to contingent beneficiaries. Furthermore, when Parthena became ineligible as primary beneficiary on the date of her divorce from decedent, decedent was 46 years of age and unmarried Therefore, this provision no longer applied to him, and there were no conditions that would affect his sister effectively becoming his primary beneficiary with respect to the death benefits at issue.

2. Does the Stipulation of Settlement and Judgment of Divorce, submitted after the death of Mr. Nikolaros, qualify as a QDRO, resulting in Parthena remaining as the beneficiary to decedent's death benefits? We submit that the answer is no.

Defendant Georgia will show that as a matter of law, the submitted Stipulation of Settlement and Judgment of Divorce *do not qualify* as a QDRO because the clear terms of each do not establish the requirements of a QDRO as required under ERISA. Furthermore, the Stipulation of Settlement required the parties to have a QDRO prepared in accordance with the terms of same and to submit such to the Verizon Pension Plan administrator. *This was never done*.

As required by the terms of the Pension Plan at issue, Parthena became ineligible to collect her ex-husband's death benefits upon the date of their divorce. By failing to file a QDRO with Verizon, she remains ineligible. As such, Mr. Nikolaros's sister (Georgia) was the sole eligible beneficiary on the date of his death, and Georgia's rights to those benefits vested with her on that date.

As set forth above, it is clear that defendant Georgia is solely entitled to the death benefits at issue. In the alternative, at the very least, Georgia is entitled to any remainder that exists if distribution is made to Parthena pursuant to the terms of the Stipulation of Settlement. We therefore request a conference with the court in order to bring a motion for summary judgment.

We appreciate the Court's consideration in this regard.

Respectfully submitted,

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

By: /s/ Rudolph J. Karvay
Rudolph J. Karvay
Attorneys for Defendant, Georgia Nikolaros

cc: All counsel, via ECF