UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
THE VERIZON EMPLOYEE BENEFITS COMMITTEE,

Plaintiff,

-against-

PARTHENA NIKOLAROS, ATHINA NIKOLAROS, in her capacity as the personal representative of the ESTATE OF NICK NIKOLAROS, and GEORGIA NIKOLAROS,

Defendants.
---------------------------------------------------------------------X

1:23-cv-01982 (RPK)(PK)

**DEFENDANT'S RULE 56.1 <u>STATEMENT</u>**

Defendant, Georgia Nikolaros, submits this statement of undisputed facts pursuant to Local Rule 56.1 in Support of her Motion for Summary Judgment:

1. This matter involves the payment of death benefits related to Nick Nikolaros (decedent), who died on June 5, 2020. *See Complaint at ¶9, (ECF Doc. No.10 ); Answer/Counterclaim of defendants Parthena and Athina Nikolaros, at ¶31, (ECF Doc. No. 28)*
2. On the date of Mr. Nikolaros' death, he was actively employed by Verizon. *See Complaint at ¶9, (ECF Doc. No.10)*
3. By virtue of said employment, Mr. Nikolaros was a participant in the Verizon Pension Plan for New York and New England Associates (hereinafter the "Pension Plan"). *See Complaint at ¶8 (ECF Doc. No. 10); Stipulation of Settlement, (ECF Doc. No. 10-5, ¶1 at page 14/35)*
4. Parthena Nikolaros and Nick Nikolaros were married on January 27, 2001. *See Stipulation of Settlement, ECF Doc. No. 10-5 at page 2/35*
5. On or about January 29, 2001, Mr. Nikolaros designated Parthena Nikolaros, his then wife, as his Primary Beneficiary if any pre-retirement survivor benefit was to be payable

upon his death under the Pension Plan. *See Beneficiary Designation Form, ECF Doc. 10-2, page 2/5.*

6. On the same date, he designated Georgia Nikolaros, as his contingent beneficiary, should Parthena no longer qualify as his beneficiary. *See Beneficiary Designation Form, ECF Doc. 10-2, page 3/5.*

7. Georgia Nikolaros is the sister of decedent, Nick Nikolaros. *See Counterclaim ¶27, (ECF Doc. No. 28)*

8. Mr. Nikolaros and defendant, Parthena Nikolaros were divorced on February 14, 2017. *See Judgment of Divorce, ECF Doc. No. 10-3 at page 10/11.*

9. A Stipulation of Settlement was prepared by the parties in connection with the divorce, the terms of which were incorporated into, and not merged with the Judgment of Divorce. *See Judgment of Divorce, ECF Doc. No. 10-3 at page 9/11.*

10. The terms of the Stipulation of Settlement required that a Qualified Domestic Relations Order (QDRO) be prepared in accordance with the terms of the Settlement Agreement and submitted to the Pension Plan administrator for processing. *See Stipulation of Settlement, ¶15, page 17, (ECF Doc. No. 10-5).*

11. Subsequent to the divorce, and prior to Mr. Nikolaros' death, upon information and belief, no Qualified Domestic Relations Order (QDRO) was ever prepared. *See generally, Answer with Counterclaim, ¶32, (ECF Doc. No.28)*

12. To date, no QDRO has been presented to Verizon. *See Complaint at ¶14-18, (ECF Doc. No.10)*

13. Section 7.3(c) of the Pension Plan states in relevant part:

> Spousal Consent.
> A married Participant must obtain the consent of his or her spouse as described below to name a Beneficiary other than the spouse for the death benefit payable under Section 7.1 or 7.2:
>
> c. …Any actual or constructive election which purports to make a spouse eligible for the death benefit will automatically be revoked, and the spouse shall cease to be eligible to receive a death benefit in case of any subsequent death of the Participant, if and when that spouse is divorced, except to the extent ordered to the contrary by a qualified domestic relations order… *See Pension Plan, ECF Doc. 10-1, page 80/191*

*14.* On or about June 23, 2020, subsequent to Mr. Nikolaos's death, Verizon's QDRO Unit received an "illegible copy" of a Stipulation of Settlement regarding the divorce of Parthena and Nick, dated July 6, 2016. *See Complaint at ¶15 (ECF Doc. No. 10)*

15. On or about July 2, 2020, Verizon's QDRO Unit received a copy of the Judgment of Divorce in the matter of Parthena Nikolaros against Nick Nikolaos. *See Complaint at ¶14 (ECF Doc. No.10)*

*16.* On or about July 16, 2020, Verizon's QDRO unit received a "better copy" of the Stipulation of Settlement, but it was missing the signature pages. *See Complaint at ¶15 (ECF Doc. No. 10).*

*17.* At some point in time prior to the filing of the interpleader complaint, Verizon received a complete copy of the Stipulation of Settlement. *See Complaint at ¶16 (ECF Doc. No. 10).*

*18.* Upon the date of divorce, pursuant to Section 7.3(c), Parthena's eligibility as primary beneficiary to Mr. Nikolaros death benefits was automatically revoked. *See Pension Plan, ECF Doc. No. 10-1, page 80/191*

*19.* On the date of divorce, Mr. Nikolaros was forty-six (46) years of age, having been born on October 13, 1970. *See Complaint at ¶19 (ECF Doc. No. 10)*

20. On the date of his death, Mr. Nikolaros had not re-married. *See Complaint at ¶10 (ECF Doc. No. 10).*

21. Between the date of his divorce, and the date of his death, Mr. Nikolaros did not designate a new primary beneficiary. *See Complaint at ¶12-13 (ECF Doc. No. 10)*

22. Since Georgia Nikolaros was designated as a contingent beneficiary, and not the primary beneficiary, her status could not be revoked pursuant to Section 7.1(c)(2). *See Pension Plan ECF Doc. No. 10-1, page 77/191*

23. Accordingly, on the date of Mr. Nikolaros' death, in the absence of a designated primary beneficiary, the contingent beneficiary, Georgia Nikolaros, was the sole beneficiary of the Pension Plan benefits. *See Pension Plan, ECF 10-1, page 69/191 and page 80/191.*

Dated: January 19, 2024

Respectfully submitted,

BERKMAN, HENOCH, PETERSON & PEDDY, P.C.

By: /s/ Rudolph J. Karvay
Rudolph J. Karvay
Attorneys for Defendant, Georgia Nikolaros

cc: All counsel, via ECF