UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE VERIZON EMPLOYEE BENEFITS
COMMITTEE,

          Plaintiff,

          v.                                                  **MEMORANDUM AND ORDER**
                                                                  23-CV-1982 (RPK) (PK)

PARTHENA NIKOLAROS, ATHINA
NIKOLAROS *in her capacity as the
personal representative of the Estate of Nick
Nikolaros*, and GEORGIA NIKOLAROS,

          Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

       In this interpleader action, plaintiff The Verizon Employee Benefits Committee seeks a declaratory judgment clarifying the interest that each defendant has in the death benefit payment of Nick Nikolaros's pension plan. The three claimant-defendants are Nick Nikolaros's estate, represented by its personal representative Athina Nikolaros; Nick's ex-wife, Parthena Nikolaros; and Nick's sister, Georgia Nikolaros. In cross-motions for summary judgment, Georgia seeks a declaration that the death benefit is payable solely to her, while Athina and Parthena argue that it should either be split between them equally or paid solely to the estate. *See* Georgia Nikolaros Mem. of L. in Supp. of Mot. for Summ. J. ("Georgia Mot.") (Dkt #47); Parthena Nikolaros and Athina Nikolaros Mem. of L. in Supp. of Mot. for Summ. J. ("Parthena & Estate Mot.") (Dkt. #51). For the following reasons, Georgia's motion is denied, while Athina and Parthena's motion is granted to the extent it seeks a declaration that the death benefit is payable in full to Nick's estate, and denied otherwise.

1

## BACKGROUND

The following facts are taken from the parties' Rule 56.1 statements and relevant portions of the record and are undisputed unless otherwise noted. Nick Nikolaros was born on October 13, 1970 and died on June 5, 2020. Georgia Nikolaros Rule 56.1 Stmt. ("Georgia 56.1 Stmt.") ¶¶ 1, 19 (Dkt. #47-1); Parthena Nikolaros & Athina Nikolaros Rule 56.1 Stmt. ("Parthena & Estate 56.1 Stmt.") ¶ 3 (Dkt. #40-1). At the time of his death, he was an employee for Verizon and a participant in the Verizon Pension Plan for New York and New England Associates. Georgia 56.1 Stmt. ¶¶ 2–3; Parthena & Estate 56.1 Stmt. ¶¶ 4–5; *see* Verizon Pension Plan (Dkt. #10-1).

Nick and defendant Parthena Nikolaros were married on January 27, 2001. Georgia 56.1 Stmt. ¶ 4; Parthena & Estate 56.1 Stmt. ¶ 6. On or about January 29, 2001, Nick designated Parthena as his primary beneficiary to the pre-retirement survivor benefit provisions of the Verizon pension plan. Georgia 56.1 Stmt. ¶ 5; Parthena & Estate 56.1 Stmt. ¶ 9; *see* Beneficiary Designation Form 1 (Dkt. #10-2). He simultaneously designated defendant Georgia Nikolaros, his sister, as his contingent beneficiary. Georgia 56.1 Stmt. ¶ 6; Parthena & Estate 56.1 Stmt. ¶ 10; *see* Beneficiary Designation Form 2.

Nick and Parthena divorced on February 14, 2017. Georgia 56.1 Stmt. ¶ 8; Parthena & Estate 56.1 Stmt. ¶ 7. As part of their divorce, they entered into a stipulation of settlement setting forth the terms of the divorce, such as the division of marital property, child visitation rights, child support payments, and, as relevant here, various agreements related to Nick's pension plans. Georgia 56.1 Stmt. ¶ 9; Parthena & Estate 56.1 Stmt. ¶¶ 23–24; *see* Divorce Stipulation & Settlement (Dkt. #10-5). The terms of the stipulation were incorporated into the court-ordered judgment of divorce. Georgia 56.1 Stmt. ¶ 9; Parthena & Estate 56.1 Stmt. ¶ 23; *see* J. of Divorce (Dkt. #10-3).

Nick never re-married and never made any beneficiary designations other than those of Parthena and Georgia. Georgia 56.1 Stmt. ¶¶ 20–21; Parthena & Estate 56.1 Stmt. ¶¶ 28–29.

After Nick's death, Verizon, as administrator and fiduciary of the pension plan, brought this interpleader action, naming Georgia, Parthena, and Athina Nikolaros, as the personal representative of Nick's estate, as defendants. *See* Compl. (Dkt. #10). Verizon seeks a judgment declaring the interest that each defendant has to the benefits under the pension plan, to be released from all further liability to defendants related to these benefits, to enjoin defendants from commencing or continuing any other action against Verizon involving these benefits, and attorney's fees. *Id.* at 6–7. Georgia, Parthena, and Athina have filed cross-motions for summary judgment, arguing for their respective entitlements to the benefit. *See* Georgia Mot.; Parthena & Estate Mot.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citation and quotation marks omitted). "A fact is material if it might affect the outcome of the suit under governing law." *Ibid.* (citation and quotation marks omitted). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. *See ibid.* A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

3

## DISCUSSION

This interpleader action arises under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3)(B), and Federal Rule of Civil Procedure 22. *See Metro. Life Ins. v. Bigelow*, 283 F.3d 436, 439–40 (2d Cir 2002). This Court has federal subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. *Id.* at 440.

### I. Georgia Nikolaros Is Not a Valid Beneficiary.

Georgia Nikolaros's motion for summary judgment is denied.

Interpretation of the terms of an ERISA pension plan is governed by federal common law. *Aramony v. United Way of Am.*, 254 F.3d 403, 411 (2d Cir. 2001). Section 20.13 of the pension plan at issue here provides that New York state law governs the interpretation of the plan's terms. Verizon Pension Plan 118; *see Arnone v. Aetna Life Ins. Co.*, 860 F.3d 97, 108 (2d Cir. 2017) ("Contractual choice of law provisions are generally enforceable under . . . federal common law."). Whether under federal common law or New York law, this Court's job is the same. Like for any other contract, the Court must apply the "plain meaning" of the plan's "unambiguous language." *Aramony*, 254 F.3d at 412 (citation omitted) (federal common law); *accord Int'l Multifoods Corp. v. Com. Union Ins.*, 309 F.3d 76, 83 (2d Cir. 2002) (New York law). A provision's ambiguity, or lack thereof, is determined by reference to "the context of the entire integrated agreement." *Aramony*, 254 F.3d at 412 (citation omitted); *accord Int'l Multifoods Corp.*, 309 F.3d at 83.

Section 7.1(c)(2)(A) of the pension plan states that:

> A Participant may designate any living person as his or her primary or contingent Beneficiary for the death benefit described in this section 7.2(c), and may change such designation from time to time prior to his or her death or Annuity Starting Date, in accordance with procedures prescribed by the Plan Administrator. However, if the Participant is married, the Participant's surviving spouse is the Beneficiary, unless the Participant designates a person other than his or her spouse as primary Beneficiary and his or her spouse consents to such designation as described in section 7.3. Notwithstanding the preceding sentence:

> (i) a Participant's election of a non-spouse Beneficiary made prior to the first day of the Plan Year in which the Participant's 35th birthday occurs shall automatically become null and void as of the first day of the Plan Year in which the Participant's 35th birthday occurs.

Verizon Pension Plan 68.[1]

Nick appointed Georgia, his sister, as his contingent beneficiary on January 29, 2001—when he was thirty years old. Per the plain language of section 7.1(c)(2)(A), this "election of a non-spouse Beneficiary" became "null and void" on January 1, 2005—"the first day of the Plan Year in which [Nick's] 35th birthday occur[ed]." And Nick never re-designated Georgia as his beneficiary, contingent or otherwise, between his thirty-fifth birthday and his death on June 5, 2020. Accordingly, at Nick's death, Georgia was not a beneficiary to Nick's pension plan.

Georgia reads section 7.1(c)(2)(A) differently. According to her, subsection (i)'s divestment of any non-spouse beneficiary when the participant turns thirty-five applies only to non-spouse *primary* beneficiaries. Georgia Mot. 11. She anchors this argument in the language "notwithstanding the preceding sentence," and argues that because the prior sentence guarantees a spouse must be the primary beneficiary unless a certain procedure is followed, subsection (i) means "that even if the procedure to name a non-spouse as primary beneficiary was followed, if the designation occurred before the Participant's 35th birthday, it becomes null and void." *Ibid.*

This is an untenable reading of the provision's text. Subsection (i) plainly states that the election of "a non-spouse Beneficiary," without any qualifier, becomes void upon the first day of the year the participant turns thirty-five. It thus applies to void all beneficiary designations—both primary and contingent. The Court cannot insert the word "primary" where it does not exist—

---

[1] The plan's definitions section earlier defines "Beneficiary" as "the Participant's surviving spouse," but caveats that the participant "may designate a living person other than the spouse as Beneficiary, subject to the consent of the surviving spouse as described in Article VII." Verizon Pension Plan 7. This definition is thus not helpful, as it simply points back to Section 7.1(c)(2).

5

especially not when other nearby provisions carefully qualify "primary Beneficiary" when they mean "primary Beneficiary."

Georgia's argument relating to the phrase "notwithstanding the preceding sentence" does not carry the day. It is true, as she argues, that subsection (i) has the effect that "even if the procedure to name a non-spouse as primary beneficiary was followed, if the designation occurred before the Participant's 35th birthday, it becomes null and void." Georgia Mot. 11. It does not follow, however, that any designation of a non-spouse as a *contingent* beneficiary is thus not covered by subsection (i). Stating that a general instruction is not governed by a specific exception does not mean that that specific exception is the *only* time the general instruction applies. To illustrate, imagine a parent leaves a babysitter with instructions reading, "You can take the car if you call us for permission first. Notwithstanding the preceding sentence, you can take any appropriate action if there is an emergency." If baby Rosie suffered a medical emergency, the babysitter would surely be justified in driving the car to the hospital without first calling the parents—but she would also be permitted to take other steps, like calling an ambulance, as well.

Finally, Georgia's proposed interpretation would lead to counterintuitive results. *See Mastrovincenzo v. City of New York*, 435 F.3d 78, 104 (2d Cir. 2006) ("[W]hen interpreting contracts under New York state law, . . . words should be given the meanings ordinarily ascribed to them and absurd results should be avoided." (citation omitted)). As Verizon argues, Georgia's interpretation would privilege a participant's election of a contingent beneficiary over that of a primary beneficiary. *See* Verizon Reply ¶ 10 (Dkt. #48). The Court cannot discern a reason why the drafters of the plan would have decided that a participant's election of a non-spouse as his primary beneficiary should be voided when he turns thirty-five, but that a participant's election of a non-spouse as his contingent beneficiary should remain untouched. That would have the

6

practical effect that, when a participant turned thirty-five, his benefits would skip over the primary beneficiary for the contingent beneficiary, exactly reversing his expressly stated wishes. The more sensible reading is for subsection (i) to void *both* beneficiary designations.

Because Nick's election of Georgia as a contingent beneficiary became void on January 1, 2005—the first day of the year in which he turned thirty-five—Georgia is not entitled to any portion of the death benefit at issue. Georgia's motion for summary judgment is denied.

## II.    Parthena Nikolaros Is Not a Valid Beneficiary.

Parthena Nikolaros's motion for summary judgment is denied to the extent it seeks a declaration that she is entitled to any portion of the death benefit.

Section 7.3(c) of the pension plan states, *inter alia*:

> Any actual or constructive election which purports to make a spouse eligible for the death benefit will automatically be revoked, and the spouse shall cease to be eligible to receive a death benefit in case of any subsequent death of the Participant, if and when that spouse is divorced, except to the extent ordered to the contrary by a qualified domestic relations order.

Verizon Pension Plan 71. Nick elected his then-wife, Parthena, as his primary beneficiary on January 29, 2001. They were divorced on February 14, 2017, prior to Nick's death. And Nick never re-designated Parthena—or anyone else—as beneficiary following the divorce. Therefore, by way of section 7.3(c), unless there existed a qualified domestic relations order ("QDRO") stating otherwise, the divorce automatically revoked Nick's election of Parthena as his primary beneficiary for his death benefit.

A QDRO "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(I). An "alternate payee" is "any spouse, former spouse, child, or other dependent of a participant who is recognized by a domestic relations order as having a right to receive all, or a portion of, the benefits payable under a plan with respect

7

to such participant." *Id.* § 1056(d)(3)(K). ERISA establishes a set of statutory criteria that QDROs must satisfy in order to create a right to receive ERISA benefits. *See id.* § 1056(d)(3)(C)–(D); Verizon Pension Plan 95. Any domestic relations order issued after 1985 must strictly satisfy these statutory requirements—"substantial compliance" will not suffice. *Yale-New Haven Hosp. v. Nicholls*, 788 F.3d 79, 84–85 (2d Cir. 2015).

Parthena argues that her and Nick's stipulation of settlement, entered during the divorce proceedings and incorporated into the judgment of divorce, constitutes a QDRO and that under its terms, she is entitled to 50% of the death benefit. *See* Parthena & Estate Mot. 9–14; Divorce Stipulation & Settlement 18–22. But the stipulation does not satisfy the requirements of Section 1056(d)(3)(C)—at least, not with respect to the death benefit at issue here. Section 1056(d)(3)(C)(ii) requires that the order "clearly specif[y] . . . the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined." Nick and Parthena's divorce stipulation awards Parthena 50% of Nick's "vested accrued benefit" under the Verizon pension plan accrued between January 27, 2001 and July 17, 2014, the period during which they were married. Divorce Stipulation and Settlement 13–15. The definition of "vested accrued benefit," however, excludes "preretirement or other ancillary death benefits payable under the Pension plan in the event of the Participant's death." *Id.* at 14. Instead, the stipulation separately provides that "[i]n the event of the death of the Participant, . . . [Parthena] will be entitled to receive the amount awarded under the QDRO and [Nick's] death will have no effect on the award to [Parthena]. From the execution of this agreement until the Pension Plan's receipt and qualification of Court-certified domestic relations order, [Nick] will designate and maintain [Parthena] as beneficiary for a pro rata share of his death benefits under this Pension Plan." *Id.* at 16.

8

The stipulation thus does not state the "amount or percentage" of the death benefits payable to Parthena. At most, it contemplates that Parthena would be assigned a portion of the death benefit under the Verizon pension plan by some future-executed QDRO and committed that before a QDRO was executed, Nick would maintain Parthena as beneficiary of the death benefits on the pension plan (which, as explained above, he did not). In fact, later on, the agreement provides that "[a] QDRO shall be prepared in accordance with the terms of this agreement"—suggesting that the stipulation was never intended to operate as a QDRO on its own terms. *Id.* at 17–18.

Because their divorce automatically revoked Nick's designation of Parthena as his primary beneficiary, and because Parthena has not presented a valid QDRO restoring her status, Parthena is not a valid beneficiary for the death benefit. Parthena's motion for summary judgment is denied to the extent it seeks a declaration that she is entitled to any portion of the death benefit.

### III. The Benefit Is Payable in Full to Nick's Estate.

Parthena and Athina's motion for summary judgment is granted to the extent it seeks a declaration that the death benefit is payable in full to Nick's estate.

Section 7.8 of the pension plan states that

> [I]f a Vested Participant dies . . . without having designated a Beneficiary under the Plan and without having any Beneficiary by operation of law, in either case such that no death benefit would be paid with respect to the Vested Participant, the Plan will pay a lump sum to the estate of the deceased Participant equal to the amount that would have been paid to a Beneficiary if such Participant had designated a Beneficiary of the same age as the Participant at the time of the Participant's death.

Verizon Pension Plan, 2016 Amendment 4 (Dkt. #10-6) (ECF pagination).

As described above, neither Georgia nor Parthena Nikolaros were valid beneficiaries of the death benefit at the time of Nick's death. And Nick never designated any other beneficiary. Accordingly, Nick died without a designated beneficiary, and, under section 7.8, Nick's estate is entitled to a payment "equal to the amount that would have been paid to a Beneficiary if [Nick]

9

had designated a Beneficiary of the same age as [him] at the time of the [his] death." Verizon Pension Plan, 2016 Amendment 4.

## CONCLUSION

For the foregoing reasons, Georgia Nikolaros's motion for summary judgment is denied, and Athina Nikolaros and Parthena Nikolaros's motion for summary judgment is granted in part and denied in part. Georgia Nikolaros and Parthena Nikolaros are not entitled to payment of any portion of the death benefit. Nick Nikolaros's estate is entitled to payment of the full death benefit calculated in accordance with section 7.8 of the pension plan.

Verizon shall file a brief, not to exceed fifteen pages, addressing the remainder of its requested relief within thirty days of this order. Any party opposing Verizon's requested relief shall file a reply brief within fourteen days of the filing of Verizon's brief.

SO ORDERED.

                                                 /s/ Rachel Kovner
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated: March 18, 2025
        Brooklyn, New York