UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE VERIZON EMPLOYEE BENEFITS
COMMITTEE,

              Plaintiff,

              v.                                      **MEMORANDUM AND ORDER**
                                                         23-CV-1982 (RPK) (PK)

PARTHENA NIKOLAROS, ATHINA
NIKOLAROS *in her capacity as the
personal representative of the Estate of Nick
Nikolaros*, and GEORGIA NIKOLAROS,

              Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        In this interpleader action, plaintiff The Verizon Employee Benefits Committee has moved for attorney's fees. For the following reasons, the motion is denied.

## BACKGROUND

        At the time of his death, Nick Nikolaros was an employee for Verizon and a participant in the Verizon Pension Plan for New York and New England Associates. *See* Mar. 18, 2025 Mem. & Order Granting Summ. J. 2 (Dkt. #54). After Nick's death, plaintiff The Verizon Employee Benefits Committee ("VEBC"), as administrator and fiduciary of the pension plan, brought this interpleader action seeking a declaratory judgment determining the proper beneficiaries to the pre-retirement survivor benefit provisions of Nick's pension plan. *See id.* at 3. VEBC named three potential claimants as defendants: Georgia Nikolaros, Nick's sister; Parthena Nikolaros, Nick's ex-wife; and Athina Nikolaros, in her capacity as the personal representative of Nick's estate. *See*

1

*id.* at 2–3. On the defendants' cross-motions for summary judgment, this Court determined that the death benefit is payable in full to Nick's estate. *See id.* at 9–10.

VEBC now moves for attorney's fees, seeking a payment of $30,240 in fees from the approximately $406,000 that it has calculated is owed to Nick's estate. *See* Pl.'s Mem. in Supp. of Mot. for Att'y. Fees ("Pl.'s Mot.") ¶¶ 3–4, 11 (Dkt. #56). The estate opposes VEBC's motion. *See* Estate's Opp'n (Dkt. #58-1).

## DISCUSSION

VEBC's motion for attorney's fees is denied.

"Attorneys' fees and costs may be awarded to an innocent stakeholder who successfully initiates a suit as an interpleader under Rule 22." *Feehan v. Feehan*, No. 09-CV-7016 (DAB) (THK), 2011 WL 497852, at *6 (S.D.N.Y. Jan. 10, 2011), *report and recommendation adopted*, 2011 WL 497776 (S.D.N.Y. Feb. 10, 2011). The "decision to award fees and costs . . . is left 'to the sound discretion of the district court.'" *Ibid.* (quoting *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965)). In order to be awarded attorney's fees, the plaintiff must be "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989).

Even when a plaintiff meets these criteria, however, courts in this Circuit routinely decline to award attorney's fees when the costs of litigating the interpleader action may be fairly described as "the ordinary cost of doing business." *See Travelers Indem. Co.*, 354 F.2d at 490 ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."). In such cases, courts have reasoned that

2

interpleader actions are "brought primarily in the company's own self-interest" as they relieve "the insurance company of multiple suits and eventuate[] in [their] discharge." *Feehan*, 2011 WL 497852, at *7 (citation omitted). Accordingly, when an interpleader action is "not complex," requires no "unique services," and poses no "unique problems," courts will routinely decline to exercise their discretion to award the plaintiff attorney's fees. *Id.* at *8; *see id.* at *7 (collecting cases).

Although *Travelers* and the "ordinary course of business" rationale originated in the insurance context, courts have applied the rationale "to other types of cases including . . . dispute[s] over . . . employee benefits plan[s]." *Windmill Distrib. Co., L.P. v. Jaigobind*, No. 23-CV-01407 (KAM) (JMW), 2023 WL 4565402, at *6 (E.D.N.Y. May 11, 2023) (citing *PVH Corp. v. Houle*, No. 16-CV-1401 (RJS), 2017 WL 991107, at *1 (S.D.N.Y. Feb. 15, 2017)), *report and recommendation adopted*, 2023 WL 4564913 (E.D.N.Y. July 17, 2023). Like with the administration of insurance plans, the "resolution of conflicting claims to benefits is clearly an activity that [employee benefits plan administrators] must undertake in [their] ordinary course of business." *PVH Corp.*, 2017 WL 991107, at * 1; *see also Croskey v. Ford Motor Co.-UAW*, No. 01-CV-1094 (MBM), 2002 WL 974827, at *10 (S.D.N.Y. May 6, 2002) ("[T]he resolution of conflicting claims to benefits is an activity that a pension fund frequently undertakes in its ordinary course of business.").

VEBC asserts that it meets the criteria for attorney's fees in an interpleader action as a disinterested stakeholder acting in good faith and asserting no claim to the disputed benefits at issue. *See* Pl.'s Mot. ¶¶ 7–10. Although the Court does not disagree—and, to be clear, the Court finds no support in the record for the estate's intimation that the initiation of this interpleader was somehow improper, *see* Estate's Opp'n ¶¶ 8–9—this action is nevertheless not the unusual kind of

3

case VEBC would not be expected to undertake in its ordinary course of business as administrator of a large employee benefits plan. The record does not suggest any circumstances that differentiate this dispute from those typically encountered by pension fund or insurance stakeholders in the Second Circuit. Simply put, this interpleader action "was not unusually complicated." Pl.'s Mot. ¶ 8. The only counterclaim, filed by Parthena Nikolaros and the estate, was a mirror image of VEBC's claim for relief, as it sought a declaratory judgment in favor of their entitlement to the benefit. *See* Parthena Nikolaros & Estate Answer ¶¶ 27–32 (Dkt. #28). The parties attended a single scheduling conference before the magistrate judge before engaging in abbreviated paper discovery, and the case was decided on the basis of the claimants' summary judgment motions—aided, to be sure, by VEBC's eight-page brief, *see* VEBC Br. (Dkt. #53). There were no unusually complex legal issues or other surprises requiring special investment from VEBC. Under these circumstances, the Court declines to exercise its discretion to award VEBC its requested fees, as the costs of bringing and litigating this straightforward suit cannot be described as outside the ordinary course of business for an employee benefit plan administrator.

## CONCLUSION

For the reasons set forth above, VEBC's motion for attorney's fees is denied. Consistent with the Court's March 18, 2025 memorandum and order ruling on the parties' summary judgment motions, the Clerk of Court is respectfully directed to enter judgment declaring that Georgia Nikolaros and Parthena Nikolaros are not entitled to payment of any portion of the death benefit and that Nick Nikolaros's estate, represented by its personal representative Athina Nikolaros, is

entitled to payment of the full death benefit calculated in accordance with section 7.8 of the pension plan.  The Clerk of Court is also respectfully directed to close this case.

                                                                      /s/ Rachel Kovner  
                                                                      RACHEL P. KOVNER  
                                                                      United States District Judge

Dated: July 7, 2025  
       Brooklyn, New York